IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNA N. SIGIDA and DALE M. IRVING, | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:16-CV-1473-RWS |
| | : |
| MUNROE FOODS 2 LLC d/b/a ATLANTA BREAD COMPANY, MUNROE FOODS HOLDINGS, LLC, and BAKE ONE, INC., | : |
| | : |
| Defendants. | : |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion for Entry of Final Judgment [44] and Plaintiff Anna N. Sigida's Motion for the Appointment of a Receiver [51]. After reviewing the record, the Court enters the following Order.

### **Background**

Plaintiff Anna N. Sigida ("Sigida") brought this action pursuant to the Equal Pay Act, 29 U.S.C. § 206(d), claiming she was paid less than her male coworkers for the same work. She also claimed intentional infliction of emotional distress under Georgia law. Plaintiff Dale M. Irving ("Irving"),

Sigida's husband, brought a claim for loss of consortium under Georgia law. Both Plaintiffs sought to recover punitive damages.

In its Order [43] on May 9, 2017, the Court granted in part and denied in part Defendants' motions for summary judgment, therefore dismissing the claims for intentional infliction of emotional distress, loss of consortium, and punitive damages.  Plaintiffs now seek entry of a partial final judgment on those claims pursuant to Federal Rule of Civil Procedure 54(b) as well as the appointment of a receiver.

This is the second suit filed by Sigida and Irving against the Defendants. In Sigida v. Munroe Foods 2 LLC ("Sigida I"), No. 1:14-CV-3968-RWS, Sigida brought claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, and Georgia state law seeking to recover unpaid overtime pay and liquidated damages.  The Court also granted in part and denied in part Defendants' motions for summary judgment in Sigida I.  Order, Sigida I, No. 1:14-CV-3968-RWS (N.D. Ga. Dec. 15, 2016), Dkt. [127].  Sigida seeks entry of a partial final judgment pursuant to Rule 54(b) in that case as well.

## Discussion

**I.      Plaintiffs' Motion for Entry of Final Judgment [44]**

Plaintiffs request the entry of a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) on the Court's grant of partial summary judgment to Defendants on Sigida's intentional infliction of emotional distress claim, Irving's loss of consortium claim, and their joint claim for punitive damages.  In addition, they request the entry of a partial final judgment in Sigida I on the Court's grant of partial summary judgment as to the calculation of damages.

> Under Rule 54(b),
>
> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  The purpose of Rule 54(b) is to codify the historic prohibition against piecemeal appeals, thus preserving the use of appeals for final judgments and the "infrequent harsh case" in which the requirements of the rule are satisfied.  In re Se. Banking Corp., 69 F.3d 1539, 1547 (11th Cir.

1995).  Accordingly, courts should exercise their discretion to enter partial final judgment under Rule 54(b) sparingly.  See, e.g., id. at 1548 ("The caseload of the federal courts of appeals has grown faster than that of any other component of the federal judiciary. . . . A liberal construction of Rule 54(b) has a tremendous potential to increase our caseload still more rapidly, because of the rule's natural tendency to multiply appeals in a single case."); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 166 (11th Cir. 1997) ("[W]e have previously counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively.").

    In the Eleventh Circuit, a two-prong test governs the analysis of whether to enter partial final judgment under Rule 54(b).  Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007).  First, the Court must determine that the decision at issue is a "final judgment."  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980).  A "judgment" is a decision "upon a cognizable claim for relief," and it is "final" if it constitutes "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  Id. (internal quotations omitted).  Second, the Court must determine that there is no just reason to delay the appeal.  Id. at 8.

4

Under the first prong of this test, the Court must determine whether the decision at issue "disposes entirely of a separable claim . . . ." Lloyd Nolan Found., 483 F.3d at 779 (citing In re Se. Banking Corp., 69 F.3d at 1547). The Eleventh Circuit has noted that the dividing line between one of multiple claims is "very obscure." Id. Nonetheless, "the touchstone for determining whether an entire claim has been adjudicated for purposes of Rule 54(b) is whether that claim is separately enforceable without mutually excluding or substantially overlapping with remedies being sought by the remaining claims pending in the district court." Id. (internal quotations and alterations omitted). Thus, where two claims seek "substantially similar relief," the resolution of one claim does not constitute a final judgment because the claims are functionally the same for purposes of Rule 54(b). Id. at 780.

If the Court determines that a decision constitutes a "final judgment," the Court must then determine whether there are nevertheless just reasons to delay the appeal. Curtiss-Wright, 446 U.S. at 8. Under this second prong of the test, the Court must consider the interests of efficient judicial administration and the equities involved in the particular case. Id. The former consideration seeks to "preserve the historic federal policy against piecemeal appeals," and the latter

5

seeks to limit the use of Rule 54(b) for the "exceptional" case in which a litigant would suffer "unusual hardship" if required to await final disposition of the case before seeking appellate review. Ebrahimi, 114 F.3d at 166, 168.  Of particular relevance to the first consideration is the degree to which pending claims are legally and factually intertwined with the adjudicated claim that constitutes a final judgment. Curtiss-Wright, 446 U.S. at 8.  Thus, when there is significant factual overlap between the adjudicated and unadjudicated claims, courts should be reluctant to use Rule 54(b). Ebrahimi, 114 F.3d at 167.

      The Court finds that entry of a partial final judgment for the decisions at issue is not appropriate at this time.  The claims for intentional infliction of emotional distress, loss of consortium, and punitive damages are final judgments.  There are, however, just reasons to delay their appeal since there is significant factual overlap between them and the remaining claim under the Equal Pay Act. Id. ("In instances such as this, when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b).")  While the causes of action differ, they arise from the same course of events.  Permitting an appeal of only some of these

6

claims would therefore be an inefficient use of judicial resources.

As to Plaintiffs' request for entry of a partial final judgment in Sigida I, the Court's decision as to the measure of damages is not a final judgment subject to Rule 54(b).  The Court's ruling is not a "separately enforceable" claim since it cannot be enforced without a final decision on the underlying Fair Labor Standards Act claim.  Lloyd Nolan Found., 483 F.3d at 779.  Plaintiffs' Motion for Entry of Final Judgment [44] is therefore **DENIED**.

## II. Plaintiff Sigida's Motion for the Appointment of a Receiver [51]

The appointment of a receiver in federal court is a matter of federal law. Fed. R. Civ. P. 66.  "[T]o the extent Rule 66 dictates what principles should be applied to federal receiverships, courts must comply with the Rule even in the face of differing state law." Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp., 153 F.3d 1289, 1291 (11th Cir. 1998).  The appointment of a receiver is "an extraordinary equitable remedy," and "equity intervenes only when there is no remedy at law or the remedy is inadequate." United States v. Bradley, 644 F.3d 1213, 1310 (11th Cir. 2011).  "A receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity.  It is not an end in itself." Kelleam v. Md. Cas. Co. of Balt., Md., 312 U.S. 377,

7

381 (1941) (internal quotations omitted).  A receiver should not be appointed "where the appointment is not a remedy auxiliary to some primary relief which is sought and which equity may appropriately grant." Id.

Sigida requests the Court appoint a receiver, "without bond, to take possession of and hold subject to the direction of this Court the assets, liabilities and to have a full accounting of the assets of" Defendants.  (Mot. for the Appointment of a Receiver, Dkt. [51], at 1.)  She also requests that the receiver "be charged with the daily operation of Bake One Inc., to preserve its assets so Plaintiff would be able to collect on any judgment rendered in this case."  (Id.)  Her request, however, is premature.  No final judgments have, at this time, been entered in her favor.  She has been awarded no form of "primary relief" for which appointment could be an appropriate auxiliary equitable remedy. Kelleam, 312 U.S. at 381 (holding that "equity practice does not sanction the use of a conservation receivership to protect" a pending and unresolved claim).  Plaintiff Anna N. Sigida's Motion for the Appointment of a Receiver [51] is therefore **DENIED**.

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion for Entry of Final

8

Judgment [44] is **DENIED**.  Plaintiff Anna N. Sigida's Motion for the Appointment of a Receiver [51] is **DENIED**.  The parties are **ORDERED** to file a proposed consolidated pretrial order within 30 days of the entry of this Order.  The consolidated pretrial order should address whether this case should be consolidated with <u>Sigida v. Munroe Foods 2 LLC</u>, No. 1:14-CV-03968-RWS, for purposes of trial.

    **SO ORDERED**, this 13th day of November, 2017.

_____
**RICHARD W. STORY**
United States District Judge