**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANNA N. SIGIDA and<br>DALE M. IRVING,<br><br>Plaintiffs,<br><br>v.<br><br>MUNROE FOODS 2 LLC d/b/a<br>ATLANTA BREAD COMPANY,<br>MUNROE FOODS HOLDINGS, LLC<br>and BAKE ONE, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil Action File No.:<br>)  1:14-CV-3968-RWS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANNA N. SIGIDA and<br>DALE M. IRVING,<br><br>Plaintiffs,<br><br>v. | )<br>)<br>)<br>)<br>)  Civil Action File No.:<br>)  1:16-CV-1473-RWS<br>)<br>)<br>)<br>) |

1

| | |
|---|---|
| MUNROE FOODS 2 LLC d/b/a | ) |
| ATLANTA BREAD COMPANY | ) |
| and BAKE ONE, INC., | ) |
| | ) |
| Defendants. | ) |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiffs Anna Sigida ("Sigida") and Dale Irving ("Irving") (collectively, "Plaintiffs") and Defendants Munroe Foods 2 LLC d/b/a Atlanta Bread Company ("Munroe Foods") and Bake One, Inc. ("Bake One") (collectively, "Defendants") jointly request that the Court review the Parties' Settlement Agreement (attached as Exhibit 1), which the Parties contend is fair and reasonable and due for the Court's approval.

**1. BACKGROUND**

On December 15, 2014, Plaintiffs initiated an action ("Sigida I") alleging violations of the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. § 201 *et seq.* On May 18, 2015, Plaintiffs amended their complaint in this action to add claims for intentional infliction of emotional distress, loss of consortium, unjust enrichment/quantum meruit, and punitive damages, and on October 16, 2015, sought leave to add a retaliation claim, which was granted.

On April 6, 2016, Plaintiffs filed a Complaint against Defendants in the Superior Court of Gwinnett County, Georgia, captioned as *Anna N. Sigida and Dale M. Irving v. Munroe Foods, et. al.*, Case No. 16 A03472-8, which Defendants removed to this Court on May 6, 2016 ("Sigida II").  Such case is now known as Case No. 1:16-cv-01473-RWS, and alleges violations of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), as well as state law claims for intentional infliction of emotional distress, loss of consortium and punitive damages (collectively with aforementioned lawsuits, the "Litigation").  Following the Court's rulings on the parties' motions for summary judgment, the only remaining claims in both cases are Plaintiff Sigida's FLSA claim and EPA claim, which claims were consolidated for trial.

The parties previously attended mediation, but were unable to reach a settlement.  Following the pretrial conference before this Court on April 30, 2018, the parties were able to reach a settlement of all disputed claims and defenses, including any rights to appeal, for a gross amount of $55,000.00. The terms and conditions of settlement reflected in the attached Settlement Agreement are the product of the Parties' extensive negotiations and represent a reasonable compromise of the disputed issues in this case.

The Parties agree that the terms and conditions of settlement set forth in the Settlement Agreement are fair and reasonable. The Parties have entered into the Settlement Agreement because the Settlement Agreement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation, which may include the appeal of certain issues addressed by the Court previously and/or at trial.

## 2. ARGUMENT

While the parties' settlement represents the resolution of more than just Plaintiff Sigida's FLSA claim and EPA claim, the parties are submitting their agreement for approval pursuant to the Court's standard procedures for FLSA claims. The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, generally, are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the

Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Generally, when parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Lynn's Food*, 679 F.2d at 1354-55. If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as computation of back wages, that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. The court "must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee." *Rakip v. Paradise Awnings Corp.*, 514 F. App'x 917, 919-20 (11th Cir. 2013). "The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace." *See Wingrove v. D.A. Techs., Inc.*, No. 1:10-CV-3227-HLM-WEJ, 2011 WL 7307626, at *1 (N.D. Ga. Feb. 11, 2011) report and recommendation adopted, No. 1:10-CV-3227-HLM, 2011 WL 7324219

(N.D. Ga. Feb. 14, 2011) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1237 (M.D. Fla. 2010).

The Parties' Settlement Agreement both meets the requirements for fairness and reasonableness with respect to Plaintiff Sigida and furthers the implementation of the FLSA. First, the Settlement Agreement reflects the compromise of a *bona fide* dispute. For example, while Sigida contends that she was misclassified, Defendants dispute this contention and, further, dispute Plaintiff's estimate of unpaid overtime hours worked, the applicable statutory period, and her entitlement to liquidated damages. The terms of the Settlement Agreement are fair to Plaintiff Sigida because the agreement has been filed with the Court, does not require confidentiality, and does not require the release of prospective rights.

With respect to the $55,000 in consideration that Plaintiffs will receive for a general release of their claims, the parties have conducted an exhaustive review of all records and the parties believe the settlement is fair and reasonable with respect to Plaintiff Sigida's portion of the proceeds.

The Settlement Agreement does not provide for attorney's fees and costs, given that Plaintiffs are *pro se*.

### 3. CONCLUSION

For the reasons set forth in the parties' Joint Motion for Settlement Approval, the parties respectfully request that the Court approve their Settlement Agreement.

Dated: May 9, 2018.

|  |  |
|---|---|
|  | s/ *Anna N. Sigida (w/express permission)* |
| 939 Creek Cove Way | Anna N. Sigida |
| Loganville, GA 30052 | Dale M. Irving |
| allurom@yahoo.com |  |
|  | Pro Se Plaintiffs |
|  |  |
|  | s/ *Michelle W. Johnson* |
| NELSON MULLINS RILEY & | Michelle W. Johnson |
| SCARBOROUGH, LLP | Georgia Bar No. 759611 |
| Atlantic Station | michelle.johnson@nelsonmullins.com |
| 201 17th Street, NW, Suite 1700 | Jessica R. Watson |
| Atlanta, Georgia 30363 | Georgia Bar No. 760076 |
| Telephone: (404) 322-6000 | jessica.watson@nelsonmullins.com |
| Facsimile: (404) 322-6050 | Attorneys for Defendants |